UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Travis Scott McCall, | ) | C/A No. 8:26-cv-00671-JDA-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Petitioner is incarcerated at the Greenville County Detention Center ("GCDC") as a pretrial detainee. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 2241 and submit findings and recommendations to the district court. For the reasons below, this action should be dismissed.

## BACKGROUND

Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on the standard form. ECF No. 1. Petitioner contends he is challenging events that occurred in Greenville County, Thirteenth Judicial Courts, beginning on September 18, 2025. *Id.* at 2. Plaintiff alleges he was subjected to "illegal seizure, fabrication of evidence, excessive bail, due process" violations, and continued prosecution. *Id.* Petitioner asserts the following grounds:

> **GROUND ONE**: Fabrication of evidence used on affidavit to procure arrest warrants (14th Amendment deprivation of liberty without due process of law), ineffective assistance of counsel (6th Amendment) wrongful initiation of prosecution.

1

*Supporting Facts*:    Officer claimed I had a beverage on me on affidavit even after a search produced none. Intentional omission of any sobriety tests that would prove innocence. Officer Fekete did willfully and knowingly and with reckless disregard for justice and in a grossly negligent manner, lie making complaint on affidavit resulting in criminal charges being made. Public defender is aware.

**GROUND TWO**:    Fabrication of evidence, perjured testimony (14th Amendment) (deprivation of liberty without due process of law) Ineffective assistance of counsel, evidence available was not reviewed or ignored (video proving innocence, statements contrary to testimony).

*Supporting Facts*:    Officer Fekete did willfully and knowingly in a grossly negligent manner and with a reckless disregard for justice lie giving testimony at a hearing against Petitioner on 1-27-26. Public defender was present. I tried to speak was silenced ushered out of court. Evidence was not reviewed, blended hearing?!

**GROUND THREE**:    Diminished interest in administering justice, excessive confinement, failure to prosecute, ineffective assistance of counsel.

*Supporting Facts*:    If Petitioner was found guilty and sentenced his time would be up on or about March 20th. Charges are all misdemeanors being heard in general sessions, are not serious crimes, are past 120 days old, and are not even valid, and can in no way outweigh Petitioner's liberty interest at stake if incarceration continues. Public defender is aware.

**GROUND FOUR**:    Law library is insufficient.

*Supporting Facts*:    There are 4 kiosks divided among 144 inmates, that has a search engine that is being filtered, and moves so slowly that it is

2

> ludacris [sic] to rely on it for any real legal need, as Petitioner is *pro se* in current civil action, and moving to proceed *pro se* in this criminal action, he will suffer from grossly inadequate need for legal information. Petitioner is more than capable of accomplishing 2241 however info. is being intentionally hidden.

*Id.* at 6–7. Petitioner seeks the following relief:

> Please remand to state court for speedy trial or other hearing (*Franks*, or anything to expedite this process to ensure no further loss of irreparable time) or in the alternative intervene or enjoin prosecution as Petitioner feels as if he is being punished for not entertaining a guilty plea, and this case could not prevail if it did go to court for an overwhelming amount of reasons.

*Id.* at 7.

Petitioner is incarcerated at GCDC on the following charges pending against him in the Greenville County Court of General Sessions: (1) public disorderly conduct at case number 2025A2330209370; (2) possession of marijuana at case number 2025A2330209371; (3) third degree assault and battery at case number 2025A2330209372; (4) possession of other controlled substance at case number 2025A2330209375; and (5) resisting arrest at case number 2025A2330209376.[1]  *See* Grenville County Thirteenth Judicial Circuit Public Index, available at https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Feb. 18, 2026).

---

[1] The Court takes judicial notice of the records in Petitioner's underlying criminal cases in the Greenville County Court of General Sessions.  *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).[2] Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

4

## DISCUSSION

Petitioner brought this action to challenge his incarceration at GCDC on charges pending in the Greenville County Court of General Sessions.  For his relief, Petitioner seeks, among other things, release from custody at GCDC and for his charges to be dismissed.  Although habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody, *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), Petitioner's claims are not properly before this Court because he has failed to exhaust state court remedies and because the Court should abstain from deciding the merits.

**Exhaustion**

Federal habeas corpus relief is available for a state prisoner, ordinarily, only for post-conviction proceedings under 28 U.S.C. § 2254.  However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"  *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  Generally, an "'attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus relief.  *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).  Also, a federal writ of habeas corpus under § 2241 can only be sought *after* the petitioner has exhausted his state remedies.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241).  Thus, "[p]retrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and 'special circumstances' justify the provision of federal review."  *Allen v. Robinson*, No. 92-6703, 1993 WL 46883, at *1 (4th Cir. 1993).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist that would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 (4th Cir. Apr. 5, 1993). Thus, where a threat to a petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Moore*, 515 F.2d at 449; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449 (explaining the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal).

In this case, Petitioner has failed to show that he has exhausted state court remedies or that "special circumstances" justify review by this Court. Petitioner asserts, among other things, that his rights under the United States Constitution have been violated because the arresting officer lacked probable cause, Plaintiff was subjected to an unlawful search and seizure, and officers fabricated evidence. However, because Petitioner may raise these claims in the state courts during trial and post-trial proceedings, pretrial intervention by this Court is inappropriate. *See Wirtz v. Dir. of Oconee Cnty. Det. Ctr.*, C/A No. 4:13-cv-387-RMG, 2013 WL 1901148, at *2 (D.S.C. May 7, 2013).

Petitioner can raise the federal constitutional rights claims in the state court proceedings. The fact that Petitioner does not believe the state court is moving as quickly as he would like, does not change this conclusion. Petitioner has not exhausted state remedies and does not allege any

special circumstances to show that pretrial intervention would be appropriate in this case. Petitioner is, therefore, precluded from federal habeas relief at this time, and the Petition should be dismissed.

**Abstention**

Petitioner's claims also must be dismissed because granting the requested relief would require this Court to interfere with or enjoin the pending state court proceedings. As discussed below, because a federal district court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Petitioner is involved in ongoing state court criminal proceedings. He asks this Court to award relief for alleged constitutional violations and to require his release from detention. Thus, the first element is satisfied. *See Boyd v. South Carolina*, C/A No. 1:11-cv-2981-TMC-SVH, 2012 WL 786341, at *2

7

(D.S.C. Feb. 10, 2012) (noting the first prong of the abstention test was satisfied where the petitioner alleged that "he is currently awaiting trial in an ongoing state criminal proceeding"), *R&R adopted by* 2012 WL 786356 (D.S.C. Mar. 9, 2012).  The second element is satisfied for reasons the Supreme Court has explained:  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The third element is also satisfied, as Petitioner can raise his constitutional claims in the state court.  *Gaster v. Johnson*, C/A No. 8:21-cv-01449-HMH-JDA, 2021 WL 2593483, at *2 (D.S.C. June 10, 2021), *R&R adopted by* 2021 WL 2592823 (D.S.C. June 23, 2021).

A ruling in Petitioner's favor in this case would call into question the validity of the state court proceedings against him and would significantly interfere with those ongoing state court proceedings.  *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" (second alteration in original) (citation omitted)); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).  Petitioner can raise the federal constitutional claims in the state court proceedings.  Thus, this Court should dismiss this case on abstention grounds pursuant to *Younger*.  *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (explaining that "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits").

## CONCLUSION AND RECOMMENDATION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** without requiring

Respondent to file an answer or return.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

February 19, 2026
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).